**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4794**

———————

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

    versus

VEOTIS HARDING, a/k/a Vito,

                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-02-191-BO)

———————

Submitted: July 13, 2005         Decided: August 24, 2005

———————

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Walter H. Paramore, III, LAW OFFICES OF WALTER H. PARAMORE, III, Jacksonville, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Veotis Harding pled guilty without a plea agreement to all thirty-five counts of an indictment charging him with conspiracy, racketeering, and money laundering and was sentenced to forty years imprisonment. Harding appeals, claiming that the district court abused its discretion in denying his motions for appointment of a mental health expert and for withdrawal of his guilty plea, and his attorney's motion to withdraw made at sentencing. Harding also challenges the constitutionality of his sentence in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). For the reasons that follow, we affirm Harding's conviction, but vacate his sentence and remand for resentencing.

Harding's conviction arose out of his operation of an "escort service" in Fayetteville, North Carolina, from 1996 to 2002, during which he recruited numerous very young girls and often forced their participation in his prostitution business by use of violence and drugs. On January 15, 2003, approximately three months after the Fed. R. Crim. P. 11 hearing, Harding filed a pro se motion to withdraw his guilty plea. On the same day, his attorney filed a motion for appointment of a mental health expert to assess Harding's mental capacity. The district court denied both motions. At the beginning of his sentencing hearing, Harding made an oral motion to relieve his counsel; the motion was denied.

A district court may grant a motion for a mental health examination if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect." 18 U.S.C. § 4241(a) (competence to stand trial), § 4244(a) (competence to be sentenced); see United States v. General, 278 F.3d 389, 397 (4th Cir. 2002). To determine if "reasonable cause existed, [the court] look[s] to all of the record evidence pertaining to the defendant's competence, including: (1) any history of irrational behavior; (2) the defendant's demeanor at and prior to sentencing; and (3) prior medical opinions on competency." Id. at 397.

Here, the presentence report indicated that Harding had been treated in the past for drug abuse and that he was diagnosed with a learning disability in 1973. However, nothing in the report mentioned that Harding's competence had ever been questioned. Moreover, Harding's statements at his sentencing hearing indicate that he fully understood the nature of the proceedings and that he assisted his attorney in preparing for the hearing. Accordingly, we find that the district court did not abuse its discretion in denying Harding's motion for appointment of a mental health expert.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea, even before

sentencing.  United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).  Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea.  Id.  Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include:  (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.  Id.  Although all the factors in Moore must be given appropriate weight, the central question is whether the Rule 11 hearing was properly conducted.  United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).  This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate.  United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992)(en banc).  Applying these factors, we find that the district court did not abuse its discretion in denying Harding's motion to withdraw his guilty plea.

Next, Harding contends that the district court abused its discretion by not allowing his attorney to withdraw at the

sentencing hearing. In reviewing the district court's denial of a motion for counsel to withdraw, this court considers: "'Timeliness of the motion; adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense.'" United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994) (quoting United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988)). Whether a motion for substitution of counsel should be granted is within a trial court's discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994).

We find no abuse of discretion. First, Harding did not make his motion to withdraw until after the sentencing hearing had begun and failed to show any circumstances justifying his late request. Second, the court adequately inquired into the basis for the motion and heard from Harding, his attorney, and the Government's attorney. Finally, there is no evidence in the record that the conflict between Harding and his attorney resulted in a "total lack of communication."

Finally, Harding challenges the constitutionality of his sentence under Blakely and its progeny. Because Harding did not raise this issue at sentencing, his argument is reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

The Supreme Court held in United States v. Booker 125 S. Ct. 738 (2005), that Blakely applies to the federal sentencing guidelines and that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (2000) (requiring courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (2000) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 756-57).

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Id. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether or not the sentence violates the Sixth Amendment. Id. at 547 (citing Booker, 125 S. Ct. at 769).*

---

*Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Harding's sentencing. 401 F.3d 540, 545 n.4.

- 6 -

Harding's sentencing range was greater than the term authorized without the multiple judicial enhancements he received. Accordingly, because the enhancements occurred under a mandatory guidelines scheme, we vacate and remand his sentence for resentencing consistent with <u>Booker</u> and <u>Hughes</u>. Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that at resentencing the court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u> 401 F.3d at 546. The court should consider this sentencing range along with other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 547.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

- 7 -