**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4591

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VEOTIS HARDING, a/k/a Vito,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:02-cr-00191-BO)

Submitted: April 6, 2007                Decided: May 21, 2007

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Camille M. Davidson, FULLER & BARNES, LLP, Charlotte, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Veotis Harding pled guilty without a plea agreement to all thirty-five counts of an indictment charging him with conspiracy, racketeering, and money laundering and was sentenced to forty years imprisonment. We affirmed his convictions, vacated the sentences, and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). See United States v. Harding, No. 03-4794 (4th Cir. Aug. 24, 2005) (unpublished). On remand, the district court resentenced Harding to 330 months imprisonment. Harding again appeals, contending that his sentence is unreasonable.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. Hughes, 401 F.3d at 546. In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, ___ U.S.___, 126 S. Ct. 2309 (2006).

Harding argues that his sentence is unreasonably long because he was unaware of the "stacking" provisions until after he entered his guilty plea and received his presentence report.

Although the statutory maximum for counts one through five is five years imprisonment and for counts nineteen through thirty-five is 20 years imprisonment, "[i]n the case of multiple counts of conviction, the guidelines instruct that if the total punishment mandated by the guidelines exceeds the highest statutory maximum, the district court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment." United States v. White, 238 F.3d 537, 543 (4th Cir. 2001); see U.S. Sentencing Guidelines Manual § 5G1.2(d) (2002). Therefore, the district court appropriately applied the "stacking" rule in calculating Harding's guidelines range.

Here, the district court appropriately treated the guidelines as advisory and properly calculated and considered the guidelines range as well as the relevant factors under § 3553(a). Harding's sentence is well below the range of life imprisonment; moreover, the sentence imposed on remand represents a significant reduction from his original sentence. We conclude that the sentence imposed by the district court was reasonable.

Accordingly, we affirm Harding's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED